IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN E.V.,<br><br>            Petitioner,<br><br>     vs.<br><br>WARDEN OF THE GOLDEN STATE<br>DETENTION FACILITY, *et al.*,<br><br>            Respondents. | Civil No. 1:26-cv-04022-MWJS<br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS<br><br>A# 246-839-923 |

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner Ruben E.V.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and a motion for temporary restraining order ("TRO motion"), Dkt. No. 2.

Petitioner entered the country in February 2023, and he turned himself in to immigration officers. Dkt. No. 1, at pg. 5. Petitioner applied for asylum and was released. *Id.* at pgs. 5–6. Since then, he has reported for all required check-ins. *Id.* at pg. 6. When Petitioner reported for a check-in on April 30, 2026, he was arrested and detained. *Id.*

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights. *Id.* at pgs. 17–18. This court and many others have granted relief in cases analogous to this one. *See, e.g., A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026), *Danilo J.Q.E. v. Mullin*, No. 1:26-cv-03370-MWJS, 2026 WL 1257548 (E.D. Cal. May 7, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior cases" like those listed above. Dkt. No. 8. The court appreciates Respondents' timely and candid opposition. Dkt. No. 10. Although Respondents maintain that Petitioner's detention is lawful, they make no effort to distinguish this case from those cited above. Indeed, Respondents acknowledge that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the [court's] [o]rder." *Id.* at pg. 1. Respondents do not oppose the court ruling directly on the petition, they do

not request a hearing, and they do not intend to file any additional affirmative briefing.[2]

*Id.*

In a supplement to their opposition, Dkt. No. 12, Respondents state that an immigration judge ordered Petitioner removed on May 21, 2026.  As Respondents acknowledge, however, Petitioner has until June 22, 2026, to appeal the immigration judge's decision to the Board of Immigration Appeals.  *Id.* at pg. 1; *see also* Dkt. No. 12-1, at pg. 5 (reflecting that Petitioner reserved his right to appeal).  Accordingly, Respondents do not argue that Petitioner is currently subject detention under 8 U.S.C. § 1231(a) or any other statutory provision.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED to the extent Petitioner argues that his due process rights have been violated.  Given the foregoing, the TRO motion, Dkt. No. 2, and Petitioner's motion to appoint counsel, Dkt. No. 3, are DENIED as moot.

---

[2]    Respondents do, however, ask the court to hold this matter in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), Dkt. No. 10, at pg. 2, which presents the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025.  Those are not the factual circumstances presented here.  The record reflects that the government initially detained Petitioner in 2023, then released him.  Given the factual differences between this case and *Rodriguez*, and the nature of the relief Petitioner seeks, the court declines to hold this case in abeyance pending the resolution of the *Rodriguez* appeal.

Respondents are ORDERED to immediately release Petitioner Ruben E.V. (A# 246-839-923) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

//

//

//

//

The Clerk of Court is DIRECTED to close this case and enter judgment for

Petitioner.

 IT IS SO ORDERED.

DATED:  May 29, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04022-MWJS; *Ruben E.V. v. Warden of the Golden State Detention Facility*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS